UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILO ROSE,

    Petitioner,

v.                                             Case No. 8:93-cv-1169-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

# O R D E R

Rose's petition for the writ of habeas corpus is denied in a separate but contemporaneous order. Rule 11(a), Rules Governing Section 2254 Cases, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability requires a substantial showing by an applicant of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[*] As stated in Slack v. McDaniel, 529 U.S. 473, 483-84 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102 S.Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in

---

[*] Although Rose was entitled to de novo review because his petition pre-dates the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the certificate of appealability requirement controls rather than the pre-AEDPA certificate of probable cause requirement. Thomas v. Crosby, 371 F.3d 782, 796 (11th Cir. 2004), cert. denied 543 U.S. 1063 (2005).

conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S.Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity." As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S., at 484, 120 S.Ct. 1595.

Rose's petition was denied on both procedural grounds and on the merits. Rose fails to demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. Additionally, with regard to the claims denied on procedural grounds, Rose fails to show that jurists of reason could fairly debate either (a) whether the petition states a valid claim of the denial of a constitutional right or (2) whether the district court was correct in the procedural ruling.

Accordingly, a certificate of appealability is **DENIED**.

ORDERED in Tampa, Florida, on March 19, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE