UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILO ROSE,

    Petitioner,

v.                                                 Case No. 8:93-cv-1169-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Rose, pro se, again requests leave (Doc. 139) to assert his right to represent himself. Rose's request for self-representation was rejected (Doc. 104) after a Faretta-type hearing (Doc. 97 and 98). Also rejected were his numerous subsequent attempts to dismiss counsel and proceed pro se. See Orders at Doc. 121, 127, and 131. The most recent request (Doc. 139) discloses his lack of understanding of habeas corpus jurisprudence because his principle complaint is that counsel failed to argue cumulative error. The order rejecting Rose's petition found each claim lacked merit. Rose can prove cumulative error only by showing two or more errors. "Without harmful errors, there can be no cumulative effect compelling reversal." United States v. Barshov, 733 F.2d 842, 852 (11th Cir. 1984), cert. denied 469 U.S. 1158 (1985). See also Mullen v. Blackburn, 808 F.2d 1143, 1147 (5th Cir. 1987)[1] ("Mullen cites no authority in support of his assertion, which, if adopted, would encourage habeas

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

petitioners to multiply claims endlessly in the hope that, by advancing a sufficient number of claims, they could obtain relief even if none of these had any merit. We receive enough meritless habeas claims as it is; we decline to adopt a rule that would have the effect of soliciting more and has nothing else to recommend it. Twenty times zero equals zero."). Consequently, Rose's chief complaint about counsel's representation is legally baseless.

Rose's petition for the writ of habeas corpus was denied (Doc. 133) and this court declined issuing a certificate of appealability (Doc. 134). Nevertheless, counsel for Rose applies (Doc. 137) for a certificate of appealability. The earlier order addressed the standard for issuing a certificate of appealability and found Rose's grounds lacking. A few of Rose's arguments in his pending request warrant comment. For ground one Rose erroneously relies on United States v. Cronic, 466 U.S. 648 (1984), a decision not applicable to the facts in this case. For ground two, because he never proved that a deal existed between the prosecution and witnesses Borton and Poole, Rose erroneously relies on Banks v. Dretke, 540 U.S. 668 (2004). For ground four Rose refuses to recognize that each photograph in the photo-pack depicted an individual with similar characteristics—a white male with long hair and full facial hair—but that only one photograph can completely "match" the assailant. Additionally, in the application of a certificate of appealability is the first time Rose has challenged the photo-pack claiming that he is a Native American. For ground eight Rose erroneously relies on Porter v. McCollum, ___ U.S. ___, 130 S.Ct. 447 (2009), because Porter placed no restraints on his counsel for the penalty hearing.

Accordingly, Rose's request for a certificate of appealability (Doc. 137) is **DENIED**. Rose's pro se request for self-representation (Doc. 139) is **DENIED**. In addition to the usual distribution of orders, the clerk shall send a copy of this order to Rose.

ORDERED in Tampa, Florida, on June 30, 2010.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE